UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEYSTONE FRUIT MARKETING, INC., and BOB N. EVANS,<br><br>     Plaintiffs,<br><br>     v.<br><br>WILLIAM G. BROWNFIELD, JANET H. BROWNFIELD, and JANET M. CLAYTON,<br><br>     Defendants and Third Party Plaintiffs,<br><br>     v.<br><br>WALLA WALLA KEYSTONE, LLC; WALLA WALLA RIVER FARMS, LLC; WALLA WALLA RIVER PACKING & STORAGE, LLC;<br><br>     Third Party Defendants. | NO. CV-05-5087-RHW<br><br>**ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO COMPEL ARBITRATION,** *INTER ALIA* |

Before the Court are Third Party Defendants WW Keystone and WWR Farms' Motion to Compel Arbitration and for Stay (Ct. Rec. 52); Plaintiffs' Motion to Dismiss Counterclaims (Ct. Rec. 58); Defendant's First Motion to Amend/Correct Counterclaim (Ct. Rec. 68); and Defendant's First Motion to Strike Jury Demand (Ct. Rec. 72). These are discussed in turn below. These motions were heard in telephonic oral argument on January 6, 2006. Plaintiff Bob Evans was present, and he, Keystone Fruit Marketing, Inc., Walla Walla Keystone, LLC, and Walla Walla River Farms, LLC, were represented by George Ahrend.

ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO COMPEL ARBITRATION, *INTER ALIA* * 1

Defendants William and Janet Brownfield also were present with counsel John Schultz. Defendant Janet Clayton was present and represented by John Lohrmann. Attorney James Hayner appeared on behalf of Walla Walla River Packing and Storage, LLC. At the hearing, the parties orally moved the Court to dismiss Walla Walla River Packing and Storage without prejudice. The Court granted this order, and Mr. Hayner left the proceedings.

## BACKGROUND

The following facts are gleaned from various filings by the parties:

Keystone markets fresh produce, including onions, world-wide. It hired Defendant Brownfield in 1996 as a sales manager to open an office in Walla Walla, Washington. Defendant Clayton began working for Plaintiff in 2002. Plaintiff fired Brownfield for cause on July 14, 2005, when it discovered he was marketing onions independently for an onion grower in Walla Walla. Defendant Clayton quit on the same day. Both Brownfield and Clayton now work for Sweet Clover Produce, L.L.C. as sales representatives.

Keystone, including then-employee Defendant Brownfield, formed an "Alliance" with several onion growers and suppliers in Walla Walla to further Keystone's business in the area. Plaintiff Keystone formed three limited liability companies to participate in the Alliance. These three LLC's are now third party defendants in this suit, and two of them, Walla Walla Keystone, LLC ("WW Keystone") and Walla Walla River Farms, LLC ("WWR Farms"), filed a motion to compel arbitration. Defendant Brownfield became a member and manager of WW Keystone, along with Plaintiff Bob Evans and another principal of Keystone, Kurt Schweitzer. WW Keystone participated in the formation of the other two LLCs, which include members and managers from other companies. WWR Farms was formed between WW Keystone, T & W Holdings, and Skyline Acquisitions.

Brownfield signed the Operating Agreement of WWR Farms on behalf of WW Keystone, and this agreement included a "Covenant not to Compete." This

ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO COMPEL ARBITRATION, *INTER ALIA* \* 2

covenant states the following:

> **Section 3.03 Covenant Not to Compete**
> The parties to this agreement have reached an understanding concerning their business relationship in the context of doing business in the Walla Walla valley and producing and marketing onions, specifically Walla Walla sweet onions. Each of the Members hereto and the respective individual owners of such Members (including the individual members of the member limited liability companies) agree that they will not directly or indirectly, except with the express written consent of the other parties and affiliates who sign this agreement, compete with this Company in any manner concerning the growing and packing of onions in the Walla Walla valley.  This non-competition provision shall be effective upon execution of this agreement and shall continue for a period of two (2) years following any specific Member's dissociation with the Company.  All parties recognize that this non-competition provision applies to . . . Keystone Fruit Marketing, Inc., . . . Walla Walla Keystone LLC, . . . Bob Evans, [and] William Brownfield . . . .
> In addition to the other remedies as provided by default of this agreement, the parties agree that the remedy at law for a breach of this covenant will not be adequate to compensate for the damage resulting from such breach and that the non-breaching party shall, in addition to all other remedies available at law or in equity, be entitled to injunctive relief to prevent a breach hereof and to secure enforcement hereof.
> The parties agree and acknowledge that the duration and scope applicable to the covenant not to compete described in this section are reasonable. Each of the provisions hereof shall be deemed a separate and severable covenant. A temporary or preliminary injunction or restraining order may be granted immediately upon the commencement of any suit alleging the violation of these covenants without notice.  In the event a party breaches any provision of this section, the other party shall be entitled to recover all costs of enforcement, including reasonable attorneys fees.

(Ct. Rec. 53-2, Ex. 23, § 3.03).  Defendant Brownfield still holds the titles of member and manager of Walla Walla Keystone, LLC.

The Operating Agreements for WWR Farms and WW Keystone both also include arbitration clauses.  WW Keystone's arbitration clause states:

> **Section 18.08 Dispute Resolution**
> In the event that the parties are unable to reach an agreement in conjunction with any matters contained in this Agreement pertaining to the operation of the Company, then the parties agree that they shall attempt to resolve any dispute by mediation.  The parties shall jointly select a mediator and pursue such mediation as quickly as possible.  If the parties are unable to reach a mediated resolution, then such dispute shall be resolved by arbitration.  All arbitration shall be conducted pursuant to the Franklin County Compulsory Arbitration Rules (CARs) as are in effect or as are hereinafter amended. If the parties cannot agree upon an arbitrator, one of the parties shall apply to the Franklin County Court of Common Pleas for the appointment of an arbitrator. The award

ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO COMPEL ARBITRATION, *INTER ALIA* \* 3

> of any arbitration shall be final and shall not be subject to trial de novo as provided in the CARs. Any such mediation or arbitration shall be conducted in Franklin County, Pennsylvania.

(Id., Ex. 22, § 18.08). The arbitration clause in the WWR Farms Operating Agreement is similar, stating:

> **Section 18.08 Dispute Resolution**
> In the event that the parties are unable to reach an agreement in conjunction with any matters contained in this Agreement pertaining to the operation of the Company, then the parties agree that they shall attempt to resolve any dispute by mediation. The parties shall jointly select a mediator and pursue such mediation as quickly as possible. If the parties are unable to reach a mediated resolution, then such dispute shall be resolved by arbitration. All arbitration shall be conducted pursuant to the Walla Walla County Superior Court Mandatory Arbitration Rules (MARs) as are in effect or as are hereinafter amended. If the parties cannot agree upon an arbitrator, one of the parties shall apply to the Walla Walla County Superior Court for the appointment of an arbitrator. The award of any arbitration shall be final and shall not be subject to trial de novo as provided in the MARs. Any such mediation or arbitration shall be conducted in Walla Walla County, Washington.

(Id., Ex. 23, § 18.08).

## DISCUSSION

**I.    Motions to Compel Arbitration and for Stay**

Third Party Defendants WW Keystone and WWR Farms request the Court order to compel arbitration of the third party complaints filed against them by the Brownfield Defendants. They base their motion on the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 2 *et seq.*, and the arbitration clauses in the operating agreements of both LLCs. The Brownfield Defendants argue that the third party defendants who filed this motion waived arbitration because they are in essence the same as Plaintiff Keystone. Defendants' reasoning is that, by filing suit against them, Plaintiff Keystone, whom the Brownfields equate with third party defendants WW Keystone and WWR Farms, waived arbitration.

The FAA "provides that written agreements to arbitrate disputes arising out of transactions involving interstate commerce 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or equity for the revocation of any contract.'" *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1010 (9th Cir. 2005)

ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO COMPEL ARBITRATION, *INTER ALIA* * 4

(quoting 9 U.S.C. § 2). The FAA requires district courts to stay proceedings and compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel. 9 U.S.C. §§ 3 & 4; *see also Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 217 (1985). However, arbitration rights may be waived, *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 765 (9th Cir. 2002); or unenforceable due to unconscionability or other grounds that act as defenses to contracts generally, *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003).

Here, WW Keystone and WWR Farms appear to have enforceable arbitration agreements with Defendant Brownfield, and he does not dispute their validity. Instead, Brownfield alleges that the arbitration rights have been waived. "In the Ninth Circuit, arbitration rights are subject to constructive waiver if three conditions are met: (1) the waiving party must have knowledge of an existing right to compel arbitration; (2) there must be acts by that party inconsistent with such an existing right; and (3) there must be prejudice resulting from the waiving party's inconsistent acts." *United Computer Systems, Inc.*, 298 F.3d at 765. Brownfield appears to rely on two separate grounds for waiver: (1) WW Keystone and WWR Farms are in essence the same as Plaintiff Keystone, so they waived arbitration when Keystone filed suit against Defendant; and (2) one of Plaintiffs' causes of action against Defendant Brownfield relies on the covenant not to compete in the same operating agreement as the arbitration clause, so arbitration of this claim has been waived.

Defendant's first argument is groundless. Plaintiff Keystone is a Pennsylvania corporation controlled by Plaintiff Bob Evans, Kurt Schweitzer, and Marty Kamer. Two of these principals joined with Defendant Brownfield to form WW Keystone, a Pennsylvania limited liability company. WW Keystone then joined with two other entities to form WWR Farms. None is a subsidiary or parent corporation of the others, and the management of each differs. "The doctrine of

ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO COMPEL ARBITRATION, *INTER ALIA* \* 5

piercing the corporate veil . . . is the rare exception, applied in the case of fraud or certain other exceptional circumstances . . . ." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 475 (2003) (internal citation omitted).  No exceptional circumstance exists here to justify equating one entity with the other.

Plaintiff Keystone filed suit against Brownfield and did not have the right or the ability to invoke or enforce the arbitration rights in the operating agreements of WW Keystone or WWR Farms.  These third party defendants were brought into the dispute by the Brownfield Defendants.  In the meantime, beginning in September 2005, WW Keystone and WWR Farms took steps to enforce the arbitration clauses in their operating agreements.  Exhibit 28 is a copy of a letter, dated September 26, 2005, from counsel for the third party defendants to the Brownfield Defendants' counsel requesting mediation.  They were officially joined as parties to this matter on October 7, 2005.  Because WW Keystone and WWR Farms are separate entities from Plaintiff Keystone and they have diligently pursued their arbitration/mediation rights, no waiver of those rights could have possibly occurred.

Defendants' second argument for waiver fails as well.  The Brownfields appear to claim that the inclusion of the claim regarding the covenant not to compete in Plaintiffs' complaint waives the arbitrability of that claim.  As stated above, Plaintiff Keystone did not have standing to assert the arbitration rights in the operating agreements of WW Keystone and WWR Farms.  It may have standing to assert the covenant not to compete, but that is not at issue here.  If the arbitration agreement is valid, the FAA requires that the claim regarding Brownfield's alleged violation of the covenant not to compete in WWR Farms' operating agreement be severed from the remaining claims and referred to arbitration, even if the result is "the possibly inefficient maintenance of separate proceedings in different forums." *Byrd*, 470 U.S. at 1241.  Therefore, in spite of the existence of this claim in the original complaint, referral of the matter between

ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO COMPEL ARBITRATION, *INTER ALIA* \* 6

third party defendants WW Keystone, WWR Farms and the Brownfields is the necessary and appropriate result here.

The Brownfields also raise an argument that Mr. Brownfield did not sign the WWR Farms' operating agreement individually but as a representative of WW Keystone. They maintain that he is therefore not bound by the agreement. However, "nonsignatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principles." *Letizia v. Prudential Bache Securities, Inc.*, 802 F.2d 1185, 1187 (9th Cir. 1986). Here, Mr. Brownfield did sign the agreement, although not in his individual capacity. The strong federal policy favoring arbitration dictates finding him bound by the terms of WWR Farms' operating agreement.

In an attempt to make this proceeding more efficient, Plaintiff Keystone has also filed a Joinder of Motion to Compel Arbitration (Ct. Rec. 86), requesting the Court to consolidate its claim for Defendant Brownfield's alleged violation of the covenant not to compete with the arbitration as a third party beneficiary of the covenant. Although it appears from the terms of the covenant not to compete that Keystone may be a third party beneficiary, there is no case law supporting its assertion that this would somehow entitle it to request arbitration. To the contrary, the case cited by Keystone supports the opposite conclusion, that arbitration as a contractual right may not be invoked by one who is not a party to the agreement. *Lorber Indus. v. Los Angeles Printworks Corp.*, 803 F.2d 523, 525 (9th Cir. 1986).

Keystone is correct that Federal Rule of Civil Procedure 42(a) does permit the Court to consolidate actions involving a common question of law or fact "as may tend to avoid unnecessary costs or delay." However, once the Court refers this matter to arbitration, the Court's jurisdiction over the referred claims ends, and it cannot order consolidation. *See* Ct. Rec. 53-2, Ex. 22 & 23, § 18.08 (stating the "award of any arbitration shall be final and shall not be subject to trial de novo"). The Court would permit consolidation, but in actuality it is up to the parties

ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO COMPEL ARBITRATION, *INTER ALIA* * 7

involved in and bound by the arbitration agreements to decide whether to permit another party to participate in the arbitration.  Therefore, although WW Keystone and WWR Farms are entitled to compel and to participate in arbitration with Defendant Brownfield, Plaintiff Keystone must look to other authority for permission to participate in the matter once it has been referred.

**II.     Plaintiff Keystone's Motion to Dismiss Counterclaims**

Keystone requests the Court dismiss the Brownfield Defendants' counterclaims based on Federal Rule of Civil Procedure 12(b)(6).

**A.     Standard of Review**

In reviewing a Rule 12(b)(6) motion, the Court accepts all allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1999).  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Generally, courts ruling on a motion to dismiss "must disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint." *Kneivel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  However, courts may incorporate by reference, taking into account documents whose contents are alleged in a complaint and whose authenticity is not questioned, but which are not physically attached to the pleading. *Id*.  The Ninth Circuit has extended this "incorporation by reference" doctrine "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Id*.  Alternatively, the Court may construe a motion to dismiss pursuant to Rule 12(b)(6) as a motion for summary judgment. Fed. R. Civ. P. 12(b).

Here, Defendant Brownfield's counterclaims are for unpaid earnings, vacation time, and commissions "earned as an employee of Keystone Fruit Marketing, Inc." He also states a claim for reimbursement for a downpayment on a vehicle delivered to Keystone at the termination of his employment. Brownfield's answer does not expressly mention his compensation agreement, but his claims certainly appear to depend upon its contents considering they all revolve around compensation as an employee of Keystone. Additionally, Defendant Brownfield himself submitted his compensation agreement as an exhibit to an affidavit in response to Plaintiffs' motion to expedite discovery early in this litigation. Therefore, it is appropriate to consider Brownfield's compensation agreement when deciding Plaintiff's motion to dismiss.

The employee handbook contains Keystone's policies for vacation time. Brownfield did not submit this in any pleadings, but it is the basis for several of Plaintiff's claims against him. Defendant Brownfield attached the relevant provisions of the Employee Handbook to his responsive memorandum for this motion, so the Court may assume that its authenticity is not disputed. Therefore, it is also appropriate to consider the Employee Handbook policy on vacation time when deciding Plaintiff's motion to dismiss.

**B.     Vacation Time**

Plaintiff Keystone moves to dismiss Brownfield's counterclaim for unpaid vacation time. Under Washington law, receiving pay for unused vacation time is a right obtainable contractually through the employment contract. *Walters v. Center Electric, Inc.*, 8 Wash.App. 322, 327 (1973). Therefore, to state a claim for unused vacation pay that is able to withstand a motion to dismiss under Rule 12(b)(6), Brownfield must allege that the contractual right to receive pay for unused vacation time exists. *See Hairston v. Pacific 10 Conference*, 101 F.3d 1315, 1320 (9th Cir. 1996) (affirming a dismissal pursuant to Rule 12(b)(6) due to the lack of evidence of a contractual obligation).

ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO COMPEL ARBITRATION, *INTER ALIA* \* 9

Here, the Employee Handbook states that "[v]acation days must be used within the appropriate year. They do not accumulate. Vacation time shall begin and be calculated on the anniversary date of the employee's date of hire." The handbook goes on to describe how much vacation time accrues per year of employment and how to submit a request for vacation time. Nowhere does the handbook indicate that unused vacation shall be compensated in the event of termination of employment. The fact that vacation days do not accumulate implies quite the opposite. Therefore, Defendant Brownfield has failed to state a claim for unused vacation time.

### C. Unpaid Earnings and Commissions

Plaintiff also requests dismissal of Brownfield's counterclaim for unpaid earnings and commissions[1] due him through his compensation agreement. Keystone asserts that Brownfield has not exhausted his contractual remedies in relation to this claim, and that this is required before he may file suit. In support Plaintiff cites to cases involving collective bargaining agreements rather than individual employment contracts. The compensation agreement includes some calculations that are confidential to the owners of Keystone Fruit Marketing, and it states that Brownfield may request confirmation of the accuracy of those rates from an approved third party CPA.

Plaintiff also cites *Riccobono v. Pierce County*, 92 Wash.App. 254, 263 (1998), for the proposition that employees "generally must utilize the procedures and remedies incorporated within the contract" when alleging a breach of contract. However, *Riccobono* conditions this statement to contracts in which such

---

[1] Plaintiff Keystone states that Brownfield was not entitled to commissions in his compensation agreement. The agreement contemplates both a base salary and future bonuses. For the purposes of this motion, the Court treats Brownfield's counterclaims for earnings and commissions as one.

ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO COMPEL ARBITRATION, *INTER ALIA* \* 10

procedures and remedies are intended to be exclusive. *Id*. Here, the compensation agreement does not explicitly state that its remedy[2] is the exclusive procedure by which Brownfield may claim unpaid wages. Accepting the allegations in Brownfield's counterclaims as true and viewing them in a light most favorable to him, he has stated a claim for unpaid earnings. Therefore, this counterclaim is not dismissed.

**D.   Vehicle Payment**

Plaintiff also requests dismissal of Brownfield's claim for reimbursement of an $18,000 downpayment for a Hummer II ("H2"). Keystone states that the compensation agreement does not provide for reimbursement of any amounts contributed toward the purchase price. Brownfield counters that he was induced to part with the money and would never have done so had he known he would be fired within two years.

The compensation agreement states that Keystone "will provide up to 40k (including Jeep trade in) toward purchase of a 2004 Hummer II with the balance above 40k to be deducted from [Brownfield]'s '03/04 bonus. [Keystone] will own the Hummer." Nothing in the agreement indicates that Keystone had a contractual obligation to reimburse Brownfield for his personal contribution toward purchase. To the contrary, the agreement limits Keystone's contribution.[3] The Court finds that this counterclaim is based upon a written contract. To find Defendant Brownfield stated a claim for reimbursement of his contribution toward the

---

[2] It is unclear to the Court whether this is even a remedy. Instead, it appears to be a procedure that allows Brownfield to check the accuracy of Keystone's computation of his bonuses.

[3] The starting MSRP for a 2004 Hummer II is $49,395. ConsumerGuide Automotive, *2004 Hummer H2 Prices & Review*, at http://autoconsumerguide.com/auto/new/reviews/full/index.cfm/id/37592/.

ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO COMPEL ARBITRATION, *INTER ALIA* \* 11

purchase price of the H2, the Court would have to find an implied term in the contract conditioning Mr. Brownfield's contribution on his continued employment with Keystone. Neither party has presented evidence that such an implied term exists. In their motion to amend, the Brownfield Defendants state that the only basis for this counterclaim is that they would not have contributed the money to the vehicle purchase had they known Mr. Brownfield would lose his job with Keystone in the future. Defendants' stated basis for relief is not recognized in contract law. Therefore, Brownfield has failed to state a claim upon which relief can be granted for the reimbursement of his contribution toward the purchase price of the 2004 H2.

**III.    Defendant's Motion to Amend Answer and Counterclaim**

Defendant Brownfield requests leave to amend his counterclaims. He would like to add requests for attorney's fees for his pre-existing counterclaims pursuant to RCW 49.48.030 and for his defense of the claim that he violated the covenant not to compete, which is being referred to arbitration. The Court is dismissing some of his counterclaims, but his claim for unpaid earnings remains. Therefore, the Court grants leave for him to amend his counterclaims to insert the attorney's fees request related to this counterclaim.

Defendant Brownfield also wishes to add another counterclaim to his answer regarding improper management of Keystone. Brownfield alleges that this mismanagement resulted in the failure to adequately protect his interest as a minority shareholder. Plaintiff Keystone counters that leave to amend should not be granted for this counterclaim because Defendant Brownfield was not and is not a minority shareholder in Keystone. Therefore, permitting amendment would be futile because the proposed claim has no basis in fact or law.

The Court has discretion to grant leave to amend a pleading pursuant to Federal Rule of Civil Procedure 15. However, the Court may deny leave to amend if it finds there was bad faith, undue delay, prejudice to the opposing party, futility

of the amendment, or if the party has previously amended the pleading. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "Futility alone can justify the denial of a motion to amend." *Id.* (quotation and citation omitted). Here, Plaintiff Keystone is correct that an amendment adding a claim based on non-existent shareholder rights is futile. Therefore, the Court denies this portion of Defendant Brownfield's motion for leave to amend.

**IV.    Defendant's Motion to Strike Jury Demand**

Defendant Brownfield requests the Court strike Plaintiffs' jury demand because all of their claims are equitable. Plaintiffs respond that they allege six claims for relief and that several of these claims would support a jury demand. Plaintiffs' claims include violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; violations of the Uniform Trade Secrets Act, RCW 19.108, *et seq.*; tortious interference with economic relations; breach of an employee's common law duties of confidentiality and loyalty; breach of employee handbook; and breach of a covenant not to compete. Plaintiffs point out that there are pattern jury instructions for several of these claims and they often have been tried to juries. Plaintiffs also argue that it is premature to decide what issues or remedies will be submitted to the jury or court eventually because discovery has not yet been completed and the time for proposing amendments has not yet passed.

The Supreme Court has stated that when a "legal claim is joined with an equitable claim, the right to a jury trial on the legal claim, including all issues common to both claims, remains intact." *Curtis v. Loether*, 415 U.S. 189, 196 n.11 (1974). It is too early in this litigation to determine whether a jury trial or a bench trial is necessary. Discovery will not be completed until September 5, 2006. The trial date is currently December 4, 2006. Hence, Defendant Brownfield's motion to strike Plaintiffs' jury demand is denied.

Accordingly, **IT IS HEREBY ORDERED:**

1. The parties' oral motion to dismiss Third Party Defendant Walla Walla

1  River Packing and Storage is **GRANTED**.  All claims against Walla Walla River
2  Packing and Storage are dismissed from this action without prejudice.
3         2. Third Party Defendants WW Keystone and WWR Farms' Motion to
4  Compel Arbitration and for Stay (Ct. Rec. 52) is **GRANTED**.
5         3. Plaintiffs' Motion to Dismiss Counterclaims (Ct. Rec. 58) is **GRANTED
6  in part, DENIED in part**.  The Brownfield Defendants' counterclaims for unused
7  vacation pay and reimbursement of contribution toward the purchase of a vehicle
8  are **dismissed** with prejudice.  Their counterclaim for unpaid compensation is
9  retained.
10        4. Defendants' First Motion to Amend/Correct Counterclaim (Ct. Rec. 68)
11 is **GRANTED in part, DENIED in part**.  Defendants' motion to add
12 counterclaims 111.A and 111.C, relating to negligent management of Keystone
13 Fruit Marketing and an attorney's fees reward pursuant to § 18.07 of the WWR
14 Farms Operating Agreement, is **DENIED**.  Defendants' motion to add
15 counterclaim 111.B, relating to attorney's fees and costs pursuant to RCW
16 49.48.030, is **GRANTED**.
17        5. Defendant's First Motion to Strike Jury Demand (Ct. Rec. 72) is
18 **DENIED**.
19        **IT IS SO ORDERED.**  The District Court Executive is directed to enter this
20 Order and forward copies to counsel.
21        **DATED** this 23rd day of January, 2006.

                              s/ Robert H. Whaley
                            ROBERT H. WHALEY
                         Chief United States District Judge


Q:\CIVIL\2005\Keystone Fruit\Keystone.compelarb.ord.wpd

ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO COMPEL
ARBITRATION, *INTER ALIA* * 14