UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KEYSTONE FRUIT MARKETING, INC., and BOB N. EVANS,

    Plaintiffs,

v.

WILLIAM G. BROWNFIELD, JANET H. BROWNFIELD, and JANET M. CLAYTON,

    Defendants and Third Party Plaintiffs,

v.

WALLA WALLA KEYSTONE, LLC; WALLA WALLA RIVER FARMS, LLC,

    Third Party Defendants.

NO. CV-05-5087-RHW

**ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER**

Before the Court is the parties Stipulation Regarding Confidential Information and Certificate of Service (Ct. Rec. 126). THIS MATTER having come on regularly before the Court pursuant to the stipulation and agreement set forth above; the Court having considered said stipulation and agreement as well as the records and files herein; and, the Court being otherwise fully advised in the premises, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. That Keystone shall be entitled to direct a computer forensics firm, PG Lewis, to conduct an inspection of Janet Clayton's home computer which she was authorized to utilize to conduct certain business of her former employer, Keystone, and her current employer, Sweet Clover Produce, LLC, during her employment

ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER * 1

1  respectively;

2  2.     That PG Lewis shall take a snapshot, or "acquire" all data that is currently
3  stored within the database, storage, and operating systems of said computer which
4  was made available at Lohrmann Law Offices, 6 ½ North Second Street in Walla
5  Walla, Washington, on January 12, 2006, at 1:00 p.m.;

6  3.     That any analysis or review of the "acquired" data from said home computer
7  of Janet Clayton's shall be limited in scope to a search for information in the
8  computer database, storage, and operating systems that is relevant to the claims and
9  defenses asserted in the above captioned matter;

10 4.     As to any files of Sweet Clover located on said computer, the Protective
11 Order previously entered as to its office computers shall apply to Janet Clayton's
12 computer;

13 5.     That the criteria used by PG Lewis to conduct its analysis or review of the
14 acquired data from Janet Clayton's home computer will be mutually agreed upon
15 by Keystone and Janet Clayton before PG Lewis conducts its analysis or review
16 and, if Keystone and Janet Clayton are unable to agree, they will promptly submit
17 this question to the court for final resolution.

18 6.     That to the extent PG Lewis discovers information in Janet Clayton's home
19 computer that is relevant to the claims and defenses asserted in the above captioned
20 matter, PG Lewis shall disseminate a report, without attachment of data, which
21 outlines its findings to the respective attorneys for Keystone Fruit Marketing and
22 Bob Evans, Dano, Gilbert & Ahrend PLLC, and for Janet Clayton, John W.
23 Lohrmann.  The information disseminated shall be restricted to attorneys only
24 access unless otherwise agreed by the parties.  If a dispute arises over the
25 dissemination or review of any data compilation or document, the parties agree to
26 allow an in camera review by the court and counsel to determine if the information
27 or data is relevant, and to what extent it may be disseminated;

28 7.     That the parties agree that information obtained by PG Lewis shall remain

ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER * 2

1  confidential unless, and until, the court makes and enters its order directing
2  disclosure;
3   8.    That Keystone and PG Lewis are prohibited from directly or indirectly
4  acquiring information or computer files from the said computer of Janet Clayton
5  that are personal in nature; any and all privileged communications addressed to or
6  received from Janet Clayton's attorney, including but not limited to John W.
7  Lohrmann; Janet Clayton or other members of her household's use and operation
8  of the computer and software to the extent that it is not relevant to this cause of
9  action;
10  9.    That all data or documents published from the data acquired from Sweet
11 Clover Produce computers by PG Lewis shall be plainly and clearly marked
12 **"CONFIDENTIAL SUBJECT TO PROTECTION ORDER"**; and
13 10.    If the PG Lewis inspection of Janet Clayton's computer causes it to be
14 damaged or to be otherwise adversely affected, Keystone shall be solely
15 responsible for promptly repairing any such damage or otherwise restoring those
16 computers to the same operational levels that existed prior to inspection by PG
17 Lewis.
18      **IT IS SO ORDERED.**  The District Court Executive is directed to enter this
19 Order and forward copies to counsel.
20      **DATED** this 7th day of February, 2006.

22                  s/ Robert H. Whaley
23                  ROBERT H. WHALEY
                 Chief United States District Judge

26 Q:\CIVIL\2005\Keystone Fruit\Keystone.protord.wpd

ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER * 3