UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEYSTONE FRUIT MARKETING, INC., and BOB N. EVANS, <br><br>Plaintiffs, <br><br>v. <br><br>WILLIAM G. BROWNFIELD; JANET H. BROWNFIELD; and JANET M. CLAYTON, <br><br>Defendants and Third-Party Plaintiffs, <br><br>v. <br><br>WALLA WALLA RIVER KEYSTONE, LLC; WALLA WALLA RIVER FARMS, LLC; <br><br>Third-Party Defendants. | NO. CV-05-5087-RHW <br><br>**ORDER DENYING WALLA WALLA RIVER KEYSTONE'S MOTION FOR PRELIMINARY INJUNCTION** |

Before the Court is Third-Party Defendant Walla Walla River Keystone's Motion for Preliminary Injunction (Ct. Rec. 197). A telephonic hearing was held on July 6, 2006. George Ahrend appeared on behalf of Walla Walla River Keystone; John Schultz appeared on behalf of Defendant William Brownfield.

In its motion Walla Walla River Keystone (WWR Keystone) makes three requests: it asks for an order (1) prohibiting Defendant William Brownfield from marketing, selling, growing, or packing Walla Walla sweet onions from June 15, 2006, through August 15, 2006, pursuant to the Court's contempt authority; (2) requiring security from WW Keystone in an amount of $30,000 (the total earnings

ORDER DENYING WALLA WALLA RIVER KEYSTONE'S
MOTION FOR PRELIMINARY INJUNCTION * 1

of William Brownfield from June 15, 2006, to August 15, 2006); and (3) confirming the selection of William F. Etter as arbitrator for the WW Keystone-Brownfield arbitration. This Order memorializes the Court's oral rulings.

**A.  The Court's Authority After Compelling Arbitration**

WWR Keystone bases its motion on a federal court's inherent authority to hold a party in civil contempt for violating its orders, *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994), and on 18 U.S.C. § 401(3), which grants federal courts the power to punish by fine and/or imprisonment, at its discretion, "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). The Supreme Court in *Bagwell* explained that "[c]ourts independently must be vested with 'power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates . . . .'" 512 U.S. at 831 (quoting *Anderson v. Dunn*, 6 Wheat 204, 227 (1821)).

The Court retains jurisdiction over a matter after it has compelled arbitration "to the extent necessary to prevent a complete breakdown of the process." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 653 (9th Cir. 1991). Although the Federal Arbitration Act and the federal policy favoring arbitration generally prevent courts from interfering with the conduct of arbitration once a matter is referred to an arbitrator, courts retain the power to protect "the sanctity of the arbitral process itself. If plaintiffs could simply refuse to go forward and the district court was without power to influence that choice, the opportunity to undermine a valid agreement to arbitrate would be enormous." *Id*. Here, as in *Morris*, it appears WWR Keystone is not seeking district court interference with the *process* of arbitration. Rather it is seeking a decision or action on a question regarding its rights as a federal court litigant. *Id*. at 654. Accordingly, its motion seeking a contempt order is within federal jurisdiction. *Id*.

///

ORDER DENYING WALLA WALLA RIVER KEYSTONE'S
MOTION FOR PRELIMINARY INJUNCTION * 2

**B.     WW Keystone's Motion for Preliminary Injunction**

WWR Keystone states Mr. Brownfield "has repeatedly resisted and delayed arbitration . . . . Now, he has raised a new objection to the very same arbitrator his attorney previously proposed. The Court must reign in his dilatory tactics and grant interim relief until the arbitration can be held." Brownfield responds to this request by asking the Court "to become involved and somehow stop the continued harassment by plaintiff and plaintiffs [sic] counsel including this ludicrous motion for preliminary injunction." In its statement of facts relevant to this motion, WWR Keystone explains that on June 2, 2006, defendant's counsel, Mr. Schultz, objected to Mr. Etter's service as an arbitrator in the WWR Keystone arbitration. The parties earlier agreed to Mr. Etter as an arbitrator. Mr. Schultz maintains he believed Mr. Etter would arbitrate the "double arbitration" he believed should take place, not the arbitration of WWR Keystone's and Mr. Brownfiled's claims alone. In his response and at the hearing, Mr. Brownfield stated he agrees Mr. Etter is an appropriate arbitrator.

The usual standard for granting a preliminary injunction "balances the plaintiff's likelihood of success against the relative hardship to the parties." *Clear Channel Outdoor Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003). The "traditional equitable criteria" for deciding whether to grant a preliminary injunction are well established. They include

> (1) the likelihood of the moving party's success on the merits; (2) the possibility of irreparable injury to the moving party if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by granting the preliminary relief. The moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.

*Owner Operator Independent Drivers Ass'n, Inc. v. Swift Transp. Co.*, 367 F.3d

1108, 1111 (9th Cir. 2004) (citations omitted).

Here, WWR Keystone asserts it is currently suffering irreparable injury. It submits it is being deprived of the right to have its dispute with Mr. Brownfield resolved "as quickly as possible" as provided in its operating agreement.[1] Although this injury is indeed irreparable, the relief requested does nothing to prevent the asserted injury from worsening, nor does it address the injury in any way. The Court cannot turn back the clock, and WWR Keystone is not requesting an order compelling arbitration by a certain date. In fact, WWR Keystone admits that it also cannot participate effectively in arbitration proceedings until after the close of the Walla Walla sweet onion season. Therefore, although an irreparable harm has been inflicted, the requested relief does not and cannot address it.

Likewise, WWR Keystone has not established the balance of hardships tips sharply in its favor. The relief requested will be a serious hardship on Defendant Brownfield; WWR Keystone is asking the Court to enjoin Mr. Brownfield from conducting what is likely a large portion of his business. In return, WWR Keystone is willing to put up $30,000 security to compensate his earnings if necessary. However, this monetary security does not account for damages to Mr. Brownfield's reputation and other missed opportunities that are an inevitable result of the relief requested. Contrary to WWR Keystone's assertions, the Court believes the balance of hardships tips in Mr. Brownfield's favor.

Accordingly, WWR Keystone has failed to establish either the possibility of irreparable injury if relief is not granted or that the balance of hardships tips

---

[1] WWR Keystone submits other ways in which it insists it is suffering irreparable injury as well. The Court does not find the other alleged injuries are irreparable due to their monetary nature. It is well established that monetary injury such as lost revenues "is not normally considered irreparable." *Los Angeles Memorial Coliseum Comm'n v. NFL*, 634 F.2d 1197, 1202 (9th Cir. 1980).

ORDER DENYING WALLA WALLA RIVER KEYSTONE'S
MOTION FOR PRELIMINARY INJUNCTION * 4

sharply in its favor. WWR Keystone has also failed to show a likelihood of success on the merits. WWR Keystone presents Pennsylvania case law discussing the breach of fiduciary duties by members of LLCs and argues that membership in an LLC creates a duty similar to a covenant not to compete. This authority is somewhat persuasive on the likelihood of success. However, this issue was peripherally considered and decided against WWR Keystone during the Walla Walla River Packing & Storage arbitration conducted by Judge Murphy. WWR Keystone filed a motion *in limine* during the WWR Packing & Storage arbitration that addressed Mr. Brownfield's alleged breach of his fiduciary duties. Judge Murphy determined WWR Keystone's claims of Brownfield's breach of fiduciary duties would not destroy or impair the marketing contract held by Keystone Fruit Marketing for WWR Packing & Storage.[2] Although this decision does not have any estoppel effect in this action, it is persuasive and evidence enough to conclude WWR Keystone has not made a sufficient showing of a likelihood of success to merit a preliminary injunction.

Accordingly, **IT IS HEREBY ORDERED**:

1. WWR Keystone's Motion for a Preliminary Injunction (Ct. Rec. 197) is **DENIED**. However, the parties having no objection, the Court orders Mr. Etter be appointed to arbitrate the dispute between Mr. Brownfield and WWR Keystone and the dispute between Mr. Brownfield and Walla Walla River Farms. Mr. Etter, having jurisdiction over these disputes, shall determine the order in which the disputes shall be arbitrated.

///
///

---

[2] Judge Murphy found that "Brownfield was not precluded by any non-compete agreement or any fiduciary duty, either from proposing a marketing plan on behalf of Sweet Clover or serving as their marketing agent."

ORDER DENYING WALLA WALLA RIVER KEYSTONE'S
MOTION FOR PRELIMINARY INJUNCTION * 5

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 26th day of July, 2006.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
CHIEF UNITED STATES DISTRICT JUDGE

Q:\CIVIL\2005\Keystone Fruit\Keystone.PI.ord.wpd

ORDER DENYING WALLA WALLA RIVER KEYSTONE'S
MOTION FOR PRELIMINARY INJUNCTION * 6