UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEYSTONE FRUIT MARKETING, INC., and BOB N. EVANS, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM G. BROWNFIELD; JANET H. BROWNFIELD; and JANET M. CLAYTON, <br><br> Defendants and Third-Party Plaintiffs, <br><br> v. <br><br> WALLA WALLA KEYSTONE, LLC; WALLA WALLA RIVER FARMS, LLC; <br><br> Third-Party Defendants. | NO. CV-05-5087-RHW <br><br> **ORDER ON PRETRIAL MOTIONS** |

Before the Court are Defendant Clayton's Motion for Partial Reconsideration (Ct. Rec. 226), Plaintiff Keystone Fruit Marketing's (KFM) Motion to Amend and Supplement Claims Against Defendant Clayton (Ct. Rec. 239), Plaintiff Evans' Motion for Entry of Judgment (Ct. Rec. 242), Defendant Brownfield's Motion to Extend Discovery Deadline to Disclose Opinion of Expert (Ct. Rec. 252) and Plaintiff KFM's Joinder of Motion to Amend Case Scheduling Order (Ct. Rec. 256), Plaintiff KFM's Motion for Extension of Time to File Brief and Statement of Material Facts (Ct. Rec. 261), and Defendant Brownfield's Motion for Reconsideration (Ct. Rec. 276). A telephonic hearing was held on March 6, 2007. Plaintiff Bob Evans was present, and attorney George Ahrend

ORDER ON PRETRIAL MOTIONS * 1

appeared on his behalf.  Defendants William and Janet Brownfield were present, and attorney John Schultz appeared on their behalf.  Defendant Janet Clayton was also present, and attorney John Lohrmann appeared on her behalf.  The Court addresses each motion below in turn.

**A.    Defendant Clayton's Motion for Partial Reconsideration**

Defendant Clayton asks the Court to reconsider that portion of its July 6, 2006, Order addressing motions for summary judgment (Ct. Rec. 219) regarding its denial of her motion for three claims, two under the Computer Fraud & Abuse Act (CFAA), 18 U.S.C. § 1030, and one under Washington's Uniform Trade Secrets Act, Rev. Code Wash. § 19.108.  All of these claims rest on the Court's finding that Ms. Clayton accessed "Copy of WW Forecasts.xls" and "WALLA WALLA PRICING 2005.xls" on Friday, July 15, 2005, with Defendant Brownfield.  Ms. Clayton asserts the Court misunderstood or made an incorrect assumption of the facts.

Ms. Clayton submits she did not access those files with Mr. Brownfield.  She states she began working for him at Sweet Clover Produce on Monday, July 18, 2005.  Plaintiff KFM's Statement of Facts makes the general allegation that Ms. Clayton accessed those documents with Mr. Brownfield, but Ms. Clayton points out that the affidavit cited to in support of that statement only refers to *when* the documents were accessed, not *by whom*.  Ms. Clayton contends that the conclusion that she accessed the files is mere speculation and not supported in the record.  Ms. Clayton argues that, even viewed in a light most favorable to Plaintiff, there is no evidence supporting her accessing those documents.

Plaintiff in response submits portions of Ms. Clayton's deposition testimony in which she admitted accessing Mr. Brownfield's laptop after she resigned from KFM.  Plaintiff bolsters this evidence with portions of Mr. Brownfield's deposition where he stated he allowed Ms. Clayton to use the computer after he was fired.  In her reply, Ms. Clayton states this evidence amounts to mere speculation that she

ORDER ON PRETRIAL MOTIONS * 2

accessed those files on that day, July 15, 2005.

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *See id.*

Ms. Clayton is challenging the Court's characterization of certain facts that underlie its Order regarding her summary judgment motion. The Court found in that Order that "Mr. Brownfield also retained one of his two company laptops for nearly two weeks after his termination, and on July 15, 2005, Mr. Brownfield and Ms. Clayton opened "Copy of WW Forecasts.xls" and "WALLA WALLA PRICING 2005.xls" from the laptop." (Ct. Rec. 219, at 6). Ms. Clayton points out that KFM only has evidence in the form of its expert's declaration that Mr. Brownfield's laptop, and through it the contested documents, was accessed on July 15, 2005. (Ct. Rec. 149, at 7 (citing Arias Decl., ¶¶ 16 & 39(1) & Exs. B-G)). It has no evidence conclusively showing Ms. Clayton accessed those documents, and both parties agree that Ms. Clayton did not begin working for Mr. Brownfield at his new employer's office until Monday, July 18, 2005.

Ms. Clayton argues that Plaintiff has not made a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Because KFM has done nothing more than show there is "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), Ms. Clayton submits she is entitled to judgment as a matter of law. Rule 56 requires the non-moving party to come forward with "specific facts showing

ORDER ON PRETRIAL MOTIONS * 3

that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The Court believes the evidence the laptop and documents were accessed on July 15, 2005, after she quit work at KFM on Thursday, July 14, 2005, but before she started working for Sweet Clover Produce on July 18, 2005, in concert with her admission that she did access the laptop after she left KFM and with Mr. Brownfield's statement that he allowed Ms. Clayton to use the computer after he was fired, is sufficient to create a genuine issue of material fact. Therefore, the Court denies Ms. Clayton's motion for reconsideration.

**B.    Plaintiff KFM's Motion to Amend and Supplement Claims Against Defendant Clayton**

Plaintiff KFM moves the Court for leave to amend and supplement its claims against Defendant Clayton pursuant to Federal Rule of Civil Procedure 15. KFM asks to add a claim for conversion and replevin against Ms. Clayton, alleging that Ms. Clayton has retained possession of and disseminated computer data and files that are the property of KFM.

KFM submits that computer forensic evidence has undeniably shown that Ms. Clayton retained KFM data and files on her home computer and that some of those files also exist in her e-mail account and on the computers at Sweet Clover Produce. This evidence is contrary to Ms. Clayton's deposition testimony that she destroyed all KFM data and files from her home computers and to her testimony that she did not use KFM's computer data and files in her new employment with Sweet Clover Produce.

A party may amend its complaint once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may only amend its pleading after obtaining leave of the Court or written consent from the adverse party. *Id*. Federal Rule of Civil Procedure 15(a) provides that a trial court shall grant leave to amend a pleading freely "when justice so requires." *Id*.; *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*). "The Supreme Court has stated that 'this mandate is to be heeded[;]'" *Lopez*, 203 F.3d at 1130

ORDER ON PRETRIAL MOTIONS * 4

(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); and the Ninth Circuit has explained that this policy "is to be applied with extreme liberality." *Eminence Capitol, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

The Supreme Court offered the following factors to consider when determining whether to grant leave to amend a complaint:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182. The factor of prejudice to the opposing party carries the greatest weight. *Eminence Capitol*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id*. (emphasis in original).

When determining whether the threat of prejudice is sufficient to justify denying leave to amend a complaint, the district court should consider the position of both parties and the effect the request will have on them. Charles Alan Wright *et al.*, 6 Federal Practice & Procedure § 1487. "This entails an inquiry into the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted." *Id*.

Defendant Clayton argues that neither the status of the case nor the facts nor the law warrant KFM's proposed amendment. Ms. Clayton submits KFM has not alleged any new facts. Instead, KFM is asking to add a new theory based upon the same facts alleged in the Complaint. In *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), the Ninth Circuit explained a district court may deny a motion to amend "where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Id*. (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990)).

ORDER ON PRETRIAL MOTIONS * 5

1  However, KFM maintains its proposed amendment is based both on facts alleged
2  in its original complaint and on new facts recently learned during the course of
3  discovery.
4       The new claim should not require additional discovery, and the claims are
5  related in subject matter to those claims that remain against Defendant Clayton
6  (accessing certain computer data and files after her termination).  Certainly
7  granting an amendment will prejudice Defendant Clayton in the way that any
8  defendant is prejudiced when exposed to greater liability.  The procedural posture
9  of this case also raises concerns—the Court has already decided one round of
10  summary judgment motions, and the deadline to file additional dispositive motions
11  has passed.  At least one court has held that a plaintiff's "understandable desire to
12  avoid the effect of defendant's motion for summary judgment is insufficient reason
13  for infusing life into a case where plaintiff has been unable for three years to
14  establish any genuine issues of fact."  *Glesenkamp v. Nationwide Mut. Ins. Co.*, 71
15  F.R.D. 1, 4 (N.D. Cal. 1974).  However, these concerns are allayed by the
16  necessity, due to the stay imposed by the Bankruptcy Court, to continue the trial to
17  a much later date.  Therefore, considering the lack of prejudice and the
18  presumption favoring amendment, the Court grants KFM's motion to amend its
19  Complaint.
20  **C.     Defendant Brownfields' Motion for Reconsideration**
21       The Brownfield Defendants ask the Court to reconsider that portion of the
22  July 6, 2006, Order where the Court "has re-written the promissory notes to create
23  a personal obligation to re-pay the notes from something other than the profits
24  generated by the company." (Ct. Rec. 276, at 2).  Defendants submit the
25  promissory notes in question do not contain any promise of payment, and that Mr.
26  Brownfield never promised to pay Bob Evans any money.
27       Because the Brownfield Defendants failed to comply with the ten-day time
28  limit set forth in Rule 59(e), the Court construes this motion as one brought under

ORDER ON PRETRIAL MOTIONS * 6

Rule 60(b) as a motion for relief from a judgment or order. *Am. Ironworkers & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) (citation omitted).

> The moving party under Rule 60(b) is entitled to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b).

*Id.* at 899.

The Court finds the Brownfield Defendants have not met the requirements for relief under Rule 60(b), including the "catch-all" provision under Rule 60(b)(6). Each note is clearly labeled "Promissory Note;" each states Mr. Brownfield borrowed money from Mr. Evans; and each states that the amount borrowed is to be repaid in full. Additionally, Mr. Brownfield commenced repayment of his debts during the parties' course of dealing. The Court based its holding in the July 6, 2006, Order (Ct. Rec. 219) on several bases, and the Brownfields' current motion to reconsider does not provide any reason that justifies relief from the operation of the Court's Order.

**D.    Plaintiff Evans' Motion for Entry of Judgment**

Plaintiff Bob Evans moves the Court for an order directing the Clerk of Clerk to enter judgment in his favor for his promissory note claim against the Brownfield Defendants. In its July 6, 2006, Order addressing Mr. Evans' motion for partial summary judgment, the Court held the following:

> The Court finds that at the time of the creation of the promissory notes, the parties intended repayment to be unconditional. Therefore, this Court denies Mr. Brownfield's motion for summary judgment on this issue and grants Mr. Evans' cross-motion for summary judgment. The six promissory notes are unconditional and payable on demand. *See* Wash. Rev. Code § 62A.3-108(a).

(Ct. Rec. 219, at 18). The Court dropped a footnote to this holding stating "The Court does not address whether the demand obligation may be performed now through payment of $2000 per month in accordance with the parties' later

ORDER ON PRETRIAL MOTIONS * 7

agreement." (*Id.* at 18 n.1).

Mr. Evans submits Mr. Brownfield has not made any payments for more than a year, let alone payments of $2000 per month. He also states that demand for the full amount was made on August 31, 2005. The amount due at the time Mr. Evans filed his motion was $236,331.59 with prejudgment interest through August 31, 2006.

Under Federal Rule of Civil Procedure 54(b), the Court may direct the entry of a final judgment as to one or more but fewer than all of the claims "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). The Ninth Circuit reviews a district court's determination to enter judgment with "substantial deference," reversing only if it finds the court's conclusions clearly unreasonable. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 445 F.3d 1132, 1137 (9th Cir. 2006). The Supreme Court has outlined the steps to be followed in making determinations under Rule 54(b). *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980).

> A district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."
> Once having found finality, the district court must go on to determine whether there is any just reason for delay. Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a "dispatcher." It is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised "in the interest of sound judicial administration."
> Thus, in deciding whether there are no just reasons to delay the appeal of individual final judgments in setting [sic] such as this, a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively "preserves the historic federal policy against piecemeal appeals." It was therefore proper for the District Judge here to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already

ORDER ON PRETRIAL MOTIONS * 8

>determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.

*Id.* (internal citations omitted).

Here, the Court's order granting summary judgment on Evans' promissory note claim was certainly a "judgment" and "final." Additionally, there appear to be no just reasons to delay the appeal of this judgment. The claim is separable from the others remaining to be adjudicated. In fact, it is not legally or factually related to any of Plaintiffs' other claims or to any of Defendants' counterclaims. It is the only claim brought by or against Plaintiff Evans.

Next, the Court must consider the equities of entering judgment at this time. Certainly a large amount of money is at stake with this ruling for an individual Defendant. The Ninth Circuit cited with approval a Massachusetts case finding "'no reason why plaintiff should be denied' use of substantial funds 'while awaiting disposition of . . . counterclaims[.]'" *AmerisourceBergen Corp.*, 445 F.3d at 1138 (citing *C.R. Bard, Inc. v. Med. Elecs. Corp.*, 529 F. Supp. 1382, 1388 (D. Mass. 1982)). Plaintiff cites to several other federal cases where the court certified judgment on promissory note claims as final pursuant to Rule 54(b) even though the case involved other parties and issues.

The Brownfield Defendants object to the entry of partial judgment, stating the Court must review all claims and counterclaims, which he characterizes as "inextricably woven together," before rendering final judgment for this claim. He argues that profits from Walla Walla Keystone and the other companies of which it is a part should have paid his debts, and that he was induced to becoming a minority owner in those companies. This argument is precluded by the Court's holding in its July 6, 2006, Order, which relies on the language of the promissory notes and later agreements (Ct. Rec. 219).

Plaintiff Evans points out that Defendant's potential insolvency is another ground on which to certify an entry of judgment. The Ninth Circuit has recognized that "insolvency is a factor that should weigh against the final entry of

ORDER ON PRETRIAL MOTIONS * 9

judgment[,]" but it also acknowledged the Supreme Court's comment that insolvency is not an absolute bar to certification. *AmerisourceBergen Corp.*, 445 F.3d at 1138. The Ninth Circuit went on to uphold the district court's certification of entry of judgment in that case in spite of the fact that the party against whom judgment was entered was insolvent. *Id.*

The Brownfields filed for bankruptcy on September 15, 2006, and their petition stayed this matter from September 2006 to January 2007. However, Plaintiff represented at the hearing that the Brownfields' bankruptcy petition was ordered dismissed at a hearing on March 2, 2007, and a written order is before the Bankruptcy Court for its approval. The Bankruptcy Court's docket reveals this to be true. (U.S. Bankruptcy Court, E.D. Wash., Case No. 06-02276-FLK13, Ct. Recs. 98 & 99). Accordingly, the Brownfields' bankruptcy petition and potential insolvency does not weigh against the Court's decision to grant Mr. Evans' motion for entry of judgment.

**E.    Motions to Extend Discovery Deadline**

Defendant Brownfield asks for an extension of the discovery cut-off for the limited purpose of disclosing the opinion of his expert, Dan Harper. Plaintiff KFM joins Defendant's motion. Considering the stay recently lifted in this case and the need to reset the trial date, the Court deems these motions moot.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Clayton's Motion for Partial Reconsideration (Ct. Rec. 226) is **DENIED**.

2. Plaintiff KFM's Motion to Amend and Supplement Claims Against Defendant Clayton (Ct. Rec. 239) is **GRANTED**.

3. The Brownfield Defendants' Motion for Reconsideration (Ct. Rec. 276) is **DENIED**.

4. Plaintiff Bob Evans' Motion for Entry of Judgment (Ct. Rec. 242) is **GRANTED**.

ORDER ON PRETRIAL MOTIONS * 10

5. The District Court Executive is directed to **ENTER JUDGMENT** in favor of Plaintiff Bob Evans and against Defendants William and Janet Brownfield in the amount of $236,331.59 plus prejudgment interest from August 31, 2006, to the date of payment, at the rate specified in the promissory notes, 0.007 percent per month.

6. Brownfield Defendant's Motion to Extend Discovery Deadline to Disclose Opinion of Expert (Ct. Rec. 252) and Plaintiff KFM's Joinder of Motion to Amend Case Scheduling Order (Ct. Rec. 256) are **DENIED as moot**.

7. Plaintiff KFM's Motion for Extension of Time to File Brief and Statement of Material Facts (Ct. Rec. 261) is **DENIED as moot**.

8. A jury trial is **set** for **February 5, 2008, at 1:30 p.m.,** in Richland, Washington. An amended scheduling order shall be filed with deadlines corresponding to the new trial date.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 14th day of March, 2007.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2005\Keystone Fruit\reconsideretc.ord.wpd

ORDER ON PRETRIAL MOTIONS * 11