UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEYSTONE FRUIT MARKETING, INC., and BOB N. EVANS, <br><br>  Plaintiffs, <br><br> v. <br><br> WILLIAM G. BROWNFIELD; JANET H. BROWNFIELD; and JANET M. CLAYTON, <br><br> Defendants and Cross-Plaintiffs. | NO. CV-05-5087-RHW <br><br> **ORDER GRANTING IN PART, DENYING IN PART MOTION FOR PARTIAL SUMMARY JUDGMENT, RESERVING MOTIONS *IN LIMINE*** |

Before the Court are Plaintiff's Motion for Partial Summary Judgment (Ct. Rec. 259), Motion *in Limine* (Ct. Rec. 341), Motion *in Limine* per *Daubert* (Ct. Rec. 342), and Defendants' Motion *in Limine* (Ct. Rec. 345). A telephonic hearing was held on January 18, 2008. George Ahrend and William Gilbert appeared on behalf of Plaintiffs; John Schultz appeared on behalf of Defendants. The Court made several oral rulings at the hearing, and this Order memorializes and expands upon those rulings.

**A.    Plaintiff's Motion for Partial Summary Judgment**

Plaintiff Keystone Fruit Marketing (KFM) moves for summary judgment on the Brownfields' counterclaims for bonuses allegedly owed for the fiscal years of 2003, 2004, and 2005. Both parties appear to agree on the formula and basis for figuring out how much was owed to Mr. Brownfield in his bonuses for the years in question. However, their experts disagree on how much was actually owed only in

ORDER GRANTING IN PART, DENYING IN PART MOTION FOR PARTIAL SUMMARY JUDGMENT, RESERVING MOTIONS *IN LIMINE* \* 1

the years 2004 and 2005. In 2004, the parties agree KFM overpaid Mr. Brownfield, but they disagree on the amount. Their agreement that he was overpaid, however, settles the counterclaim.

For the fiscal year 2005 bonus, KFM claims it did not owe Mr. Brownfield any money because the bonus was based on KFM's profits, and KFM alleges it did not make any money that year. Mr. Brownfield's expert, Mr. Dan Harper, states that he used different numbers provided by KFM in discovery to calculate KFM's profits in FY 2005, and that KFM owed Mr. Brownfield $62,554 in a bonus from that year. KFM disputes the figures Defendants' expert used, which is the subject of one of the motions *in limine* discussed below.

Summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is (1) no genuine issue as to (2) any material fact and that (3) the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A "material fact" is determined by the substantive law regarding the legal elements of a claim. *Id.* at 248. If a fact will affect the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth, then it is material. *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1305-06 (9th Cir. 1982). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Liberty Lobby,* 477 U.S. at 248.

It is clear that there is no genuine issue of material fact as to the Brownfields' claims for unpaid bonuses from FY 2003 and 2004. It is equally clear that there is a genuine issue of material fact regarding the allegedly unpaid bonus from FY 2005. Accordingly, summary judgment on that claim is not

appropriate.

**B.    Motions *in Limine* and Objections**

The parties bring several motions *in limine*. The parties have also agreed to try this matter to the bench as opposed to a jury. This decision renders moot most of the parties' concerns regarding the introduction of certain evidence at trial. Most of the remaining issues, including the parties' objections to various witnesses and exhibits, are impossible to judge outside the context of trial. Therefore, the Court reserves ruling on those objections and motions.

However, Plaintiffs filed a Motion *in Limine* per *Daubert* regarding Defendants' accounting expert, Mr. Dan Harper, who is mentioned above. Plaintiffs base their motion not on Mr. Harper's training, experience, or methods, but on the evidence on which he based his opinions. Plaintiffs submit that the financial statement on which Mr. Harper based his opinion regarding Mr. Brownfields' 2005 bonus was erroneous. At the hearing, the Court told Plaintiffs' counsel that it could not consider their assertion that the financial statement was erroneous because it was not presented in a reliable form of evidence. Plaintiffs attempted to correct this by submitting an affidavit of the accountant who provided the erroneous financial statement to Defendants in the discovery process.

Without reliable evidence from Plaintiff KFM's outside accountant, the Court denies this motion as well, with leave to renew.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Partial Summary Judgment (Ct. Rec. 259) is **GRANTED in part, DENIED in part.**

2. Plaintiffs' Motion for Leave to File Excess Pages (Ct. Rec. 300) is **GRANTED**.

3. Plaintiffs' Motion *in Limine* (Ct. Rec. 341) and Defendants' First Motion *in Limine* (Ct. Rec. 345) are **RESERVED** to be decided in the context of trial.

ORDER GRANTING IN PART, DENYING IN PART MOTION FOR PARTIAL SUMMARY JUDGMENT, RESERVING MOTIONS *IN LIMINE* \* 3

4.  Plaintiffs' Motion *in Limine* per *Daubert* (Ct. Rec. 342) is **DENIED** with leave to renew.

5.  The jury trial currently set for February 5, 2008, is **stricken**. A non-jury trial is **set** for **February 4, 2008,** at 8:30 a.m., in Richland, Washington.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 25th day of January, 2008.

<u>*s/Robert H. Whaley*</u>
ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2005\Keystone Fruit\PSJ.ord.wpd