UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEYSTONE FRUIT MARKETING, INC., and BOB N. EVANS, <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM G. BROWNFIELD; JANET H. BROWNFIELD; and JANET M. CLAYTON, <br><br> Defendants and Cross-Plaintiffs, <br><br> v. <br><br> WALLA WALLA RIVER KEYSTONE, LLC; WALLA WALLA RIVER FARMS, LLC, <br><br> Third-Party Defendants. | NO. CV-05-5087-RHW <br><br> **ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION; GRANTING DEFENDANTS' MOTION TO ENFORCE AWARD IN ARBITRATION, IN PART** |

Before the Court are Defendants' Motion for Reconsideration (Ct. Rec. 390) and Motion to Enforce Award in Arbitration (Ct. Rec. 395). Additionally, Plaintiffs filed a Notice of Presentment of Arbitration Award (Ct. Rec. 399) and Notice of Proposed Judgment (Ct. Rec. 389). These motions were heard without oral argument.

On May 5, 2008, the Court entered Findings of Facts and Conclusions of Law (Ct. Rec. 388). The Court found that Defendant William Brownfield breached his duty of loyalty and tortiously interfered with a business relationship. The Court awarded Plaintiffs $145,719.60 in damages for the breach of duty of loyalty claim,

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION; GRANTING DEFENDANTS' MOTION TO ENFORCE AWARD IN ARBITRATION, IN PART ~ 1**

and $537,434.05 in lost profits for the tortious interference claim.

**1.     Defendants' Motion for Reconsideration**

On May 14, 2008, Defendants filed a Motion for Reconsideration. The basis for Defendants' motion is that "this court is bound by the determination of the two (2) prior hearing examiners, and that the court is not permitted to make different findings than were made by the prior arbitrators who heard the same witnesses and the same facts." (Ct. Rec. 401).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). It is considered an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id*. A motion under Rule 59(e) "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original).

Here, Defendants have not presented the Court with newly discovered evidence, nor is there an intervening change in the controlling law. Thus, it appears that Defendants are arguing that the Court committed clear error, presumably by making its own credibility determinations and failing to defer to the arbitrator's decisions. However, even if this were true, which the Court does not so find, such an argument could have reasonably been raised earlier in the litigation. Moreover, the Court does not find that the doctrine of collateral estoppel or *res judicata* apply in this case.

In determining whether *res judicata* applies, the Court looks at: (1) whether rights or interests established in the prior judgment would be destroyed or impaired

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION; GRANTING DEFENDANTS' MOTION TO ENFORCE AWARD IN ARBITRATION, IN PART ~ 2**

by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992). None of these factors are present in this case. The entities before the arbitrators were not involved in the bench trial. Whether Defendant Brownfield owed any fiduciary duties to Walla Walla Keystone, LLC and Walla Walla River Farms, LLC does not control whether Defendant Brownfield owed a duty of loyalty to Keystone Fruit Marketing, Inc. As such, Defendant's Motion for Reconsideration is denied.

**2.     Defendants' Motion to Enforce Award in Arbitration**

Defendants filed a motion asking the Court to enforce the arbitration award, but failed to file a proposed judgment. Plaintiffs also ask the Court to enforce the arbitration award and filed a proposed judgment. Defendants did not object to the proposed judgment and the Court finds that it accurately sets forth the arbitration award. As such, the Court will direct the District Court Executive to enter judgment consistent with the amounts awarded in the arbitration proceedings.

The parties disagree, however, whether the Court should award prejudgment interest. Under Washington law, prejudgment interest is allowed (1) when an amount claimed is "liquidated," or (2) when the amount of an "unliquidated" claim is for an amount due upon a specific contract for the payment of money and the amount due is determinable by computation with reference to a fixed standard contained in the contract, without reliance on opinion or discretion. *Prier v. Refrigeration Engineering Co.*, 74 Wash. 2d 25, 32 (1968).

Here, the Court finds that the lost profits and damages for breach of duty of loyalty are unliquidated and therefore not subject to prejudgment interest.

Accordingly, **IT IS HEREBY ORDERED:**

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION; GRANTING DEFENDANTS' MOTION TO ENFORCE AWARD IN ARBITRATION, IN PART ~ 3**

1. Defendants' Motion for Reconsideration (Ct. Rec. 390) is **DENIED.**
2. Defendants' Motion to Enforce Award in Arbitration (Ct. Rec. 395) is **GRANTED**, in part.
3. The District Court Executive is directed to enter judgment in favor of Plaintiff Keystone Fruit Marking, Inc., and against William Brownfield, individually, and the marital community of William G. and Janet H. Brownfield, as follows:
   - For breach of an employee's fiduciary duty of loyalty in the amount of $145,719.60;
   - For intentional interference with business expectance in the amount of $537,434,05.
4. The District Court Executive is directed to enter judgment in favor of William G. and Janet H. Brownfield and against Walla Walla Keystone, LLC, as follows:
   - For valuation of Mr. Brownfield's interest in the company in the amount of $322,823.
5. The District Court Executive is directed to enter judgment in favor of William G. Brownfield and against Walla Walla Keystone, LLC, as follows:
   - For attorneys' fees and costs incurred in the arbitration in the amount of $36,122.36.
6. The District Court Executive is directed to enter judgment in favor of Walla Walla Keystone, LLC, and against William G. and Janet H. Brownfield, jointly and severally, as follows:
   - For computer forensic costs in the amount of $47,124.66.
7. The District Court Executive is directed to enter judgment in favor of Walla Walla Keystone, LLC, and Walla Walla River Farms, LLC, and against William G. and Janet H. Brownfield, jointly and severally, as follows:

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION; GRANTING DEFENDANTS' MOTION TO ENFORCE AWARD IN ARBITRATION, IN PART ~ 4**

- For attorneys' fees and costs incurred to compel arbitration in the amount of $10,374.00.
- For attorneys' fees and costs incurred in the arbitration in the amount of $48,018.50.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 18th day of June, 2008.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2005\Keystone Fruit\deny.reconsider.wpd

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION; GRANTING DEFENDANTS' MOTION TO ENFORCE AWARD IN ARBITRATION, IN PART ~ 5**